United States District Court
Southern District of Texas

**ENTERED**
May 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § <br> as Broadcast Licensee of the November 12, 2011 § <br> Manny Pacquiao v. Juan Manuel Marquez, § <br> Championship Fight Program, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> 1) LOS JEFES SPORTS BAR INC., individually, and § <br> d/b/a LOS JEFES SPORTS BAR; § <br> 2) ARLENE F. BUCIO a/k/a ARLENE FLORES BUCIO, § <br> individually, and d/b/a LOS JEFES SPORTS BAR; and § <br> 3) JOE A. BUCIO a/k/a JOE ANGEL BUCIO, § <br> individually, and d/b/a LOS JEFES SPORTS BAR, § <br> § <br> Defendants. § | Civil Action No. 4:14-cv-03214 |

## FINAL JUDGMENT

Before the Court is *Plaintiff's Motion for Judgment on the Pleadings* ("Motion") filed by Plaintiff J&J Sports Productions, Inc. ("Plaintiff"). Upon consideration of the Motion, the accompanying brief and evidence, the pleadings on file and the relevant authorities, and the conduct of the parties, the Court concludes that the Motion should be granted. The Court further concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605 and recognizes Plaintiff's election to seek statutory damages.

The Court finds that it has jurisdiction over the subject matter and parties to this action; that Defendants 1) Los Jefes Sports Bar Inc., individually, and d/b/a Los Jefes Sports Bar; 2) Arlene F. Bucio a/k/a Arlene Flores Bucio, individually, and d/b/a Los Jefes Sports Bar; and 3) Joe A. Bucio a/k/a Joe Angel Bucio, individually, and d/b/a Los Jefes Sports Bar (collectively

"Defendants") have failed to file an answer or otherwise defend as provided by the Federal Rules of Civil Procedure; that Defendants have failed to move for leave to file an answer or other responsive pleading; that Defendants have failed to participate in this case; that the allegations of fact in *Plaintiff's Original Complaint* are well pled and are thus considered deemed admitted and taken as true against Defendants for their failure to answer; that Defendants exhibited the closed circuit, November 12, 2011 Manny Pacquiao v. Juan Manuel Marquez, Championship Fight Program, including undercard or preliminary bouts, without authorization from Plaintiff; and that Defendants' actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That Judgment be entered in favor of Plaintiff and against Defendants.

2. That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00.

3. That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $~~50,000.00~~ $5000.00.

4. That Plaintiff recover attorneys' fees from Defendants, jointly and severally, in the amount of ~~$20,000.00~~ $5000.00; along with attorney's fees for post-trial and appellate services.

5. That Plaintiff recover the following conditional awards of attorney's fees from Defendants, jointly and severally, in the following circumstances:

   a) Ten Thousand Dollars ($10,000.00) in the event a defendant a files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

   b) Twenty Five Thousand Dollars ($25,000.00) in the event a defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

    c)    Five Thousand Dollars ($5,000.00) in the event a defendant files a motion for rehearing or reconsideration in the Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

    d)    Twenty Five Thousand Dollars ($25,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;

    e)    Seventy Five Thousand Dollars ($75,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

    f)    For collection of the Judgment, Two Thousand Five Dollars ($2,500.00) each time Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment or other post-judgment writ.

6.    The Court also enjoins Defendants from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

7.    The Court also awards Plaintiff court costs and post-judgment interest on the amounts awarded herein at ~~an~~ *[if applicable]* annual rate ~~of~~ _____ from the date of this Judgment until paid.

8.    All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any Writ of Execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this Judgment.

9.    This Judgment is a final judgment.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 17th day of May, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE